# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| VALERIE JOHNSON, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | Case No. CV405-48 |
| ) | [Underlying CR403-95] |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION

Movant has filed a motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255. Respondent has filed a motion to dismiss the motion because it is untimely. For the following reasons, the Court recommends that respondent's motion to dismiss be GRANTED and that movant's motion to vacate her sentence be DENIED.

## I. BACKGROUND

Movant was indicted by a federal grand jury on April 3, 2003 on charges of conspiracy to possess with intent to distribute and to distribute

marijuana. Doc. 1.[1] Movant pleaded guilty to distribution of marijuana and one count of money laundering on July 7, 2003. Doc. 86. The government filed a U.S.S.G. § 5K1.1 motion on movant's behalf. Doc. 91.

On October 29, 2003, the Court granted the governments §5K1.1 motion and sentenced movant to 45 months' imprisonment[2] on each count to be served concurrently, three years' supervised release, and a $200 special assessment. Doc. 96. Judgement was entered the next day, on October 30, 2003. Movant did not appeal. Thus, her conviction became final on November 14, 2003, when the ten-day period for filing a notice of appeal expired. Fed. R. App. P. 4(b)(1)(A)(I); Fed. R. App. P. 26(a)(2); Fed. R. App. P. 26(a)(4).

On October 28, 2004, the government filed a protective motion pursuant to Federal Rule of Criminal Procedure 35(b) based on movant's ongoing post-sentencing cooperation with the government. Doc. 104. The government asked the Court to defer ruling on movant's Rule 35 motion until her assistance to the government was completed. On April 27, 2005,

---

[1] Citations are to the docket in movant's criminal case, CR403-95.

[2] This term of imprisonment represented a 12 month departure from the low end of the otherwise applicable guideline sentencing range of 57-71 months' imprisonment.

2

prosecuting AUSA Joseph Newman filed a motion requesting that the Court reinstate and adjudicate movant's Rule 35(b) motion.

Movant is currently incarcerated at the Federal Correctional Institution in Tallahassee, Florida. Her § 2255 motion was executed on March 17, 2005, and filed with the Court on March 28, 2005. In her motion, movant argues that her counsel was ineffective at sentencing and post-sentencing for failing to seek a "deduction for extraordinary family circumstances and adhere to an agreement for Rule 35 promised Johnson for exchange not to file post conviciton (sic), or appeal." Doc. 106 at 5.

## II. ANALYSIS

Because movant did not appeal her conviction and sentence, her conviction became final ten days after the Court entered judgment following sentencing. See Mederos v. United States, 218 F.3d 1252, 1253 (11th Cir. 2000); Adams v. United States, 173 F.3d 1339, 1342 n.2 (11th Cir. 1999) (per curiam). In this case, the Court entered judgment on October 20, 2003 and her conviction became final on November 14, 2003 when the period for filing an appeal expired. Fed. R. App. P. 26(a)(2) & (4).

Under the Anti-Terrorism Effective Death Penalty Act ("AEDPA"), a § 2255 motion generally must be filed within one year of "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255 ¶6(1). Therefore, to be timely, movant was required to file her §2255 motion not later than November 14, 2004. However, movant executed her § 2255 motion on March 17, 2005, four months beyond that date. Accordingly, the present motion is time-barred and should be DISMISSED.

**SO REPORTED AND RECOMMENDED** this 31st day of May, 2005.

*[signature]*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

# United States District Court
## Southern District of Georgia

VALERIE JOHNSON )

vs ) CASE NUMBER CV405-48 (CR403-95)

UNITED STATES OF AMERICA ) DIVISION SAVANNAH

The undersigned, a regularly appointed and qualified deputy in the office of the Clerk of this district, while conducting the business of the Court for said division, does hereby certify the following:

1. Pursuant to the instructions from the Court and in the performance of my official duties, I personally placed in the United States Mail a sealed envelope, and properly addressed to each of the persons, parties or attorneys named below; and

2. That the aforementioned enveloped contained a copy of the document dated May 31, 2005, which is part of the official record of this case.

Date of Mailing: June 1, 2005

Date of Certificate  ☐ same date, or _____

Scott L. Poff, Clerk

By: _____
Deputy Clerk

<u>Name and Address</u>

Valerie Renee Johnson, 07708-021, FCI Tallahassee, 501 Capital Circle, NE, Tallahassee, FL 32301
Amy Lee Copeland, Esq.

☐ Copy placed in Minutes
☐ Copy given to Judge
☒ Copy given to Magistrate